Theresa L. **SHEPPARD**

v.

**RIVERVIEW NURSING CENTRE, INC.**

Civil No. S 93–2663.

United States District Court, D. Maryland.

Dec. 20, 1996.

Donald N. Rothman, Bradford W. Warbasse, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, MD, for plaintiff.

Frank S. Astroth, Kruchko & Fries, Towson, MD, for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case is before the Court on remand from the Fourth Circuit pursuant to that court's opinion found at 88 F.3d 1332 (4th Cir.1996), wherein that Court informed this Court that it did indeed have discretion to decide whether to award (and how much in the way of) attorney's fees to a prevailing plaintiff in a mixed-motive discrimination case under 42 U.S.C. § 2000e–5(g)(2)(B). The parties have submitted supplemental memoranda. No oral hearing is needed. Local Rule 105.6, D.Md.

The defendant, not surprisingly, takes the position that no fee should be awarded. The plaintiff, also not surprisingly, argues for the same fee awarded before remand. Having considered the parties' memoranda in light of the Fourth Circuit's remand instructions, 88 F.3d at 1339, the Court is prepared to analyze the matter in compliance with those instructions.

Applying the criteria established by the Fourth Circuit, 88 F.3d at 1335–37, the Court concludes as follows. The mix of "proportionality" concerns discussed at 88 F.3d at 1336 militates in favor of no—or a nominal—fee, there having been only a small degree of success in the sense defined by the Fourth Circuit. That is, first, this case involved a small, unsophisticated employer who did not display a necessarily invidious animus, but simply made a business decision that was contrary to the will of Congress, in that consideration of the plaintiff's (and several other employees') pregnancy played a part in a staffing decision. The defendant now certainly understands that what had once been a lawful business consideration in making staffing cuts has been outlawed by Congress. There was not the least hint of personal spite or ill will against the plaintiff or other employees.

As for the second relevant concern, the Court's declaratory judgment did nothing more than ratify the jury's verdict.

Third, the lack of injunctive relief reflects the Court's judgment that there was no danger of further discrimination against this plaintiff, against the pregnant, or, for that matter, by this defendant at all. Furthermore, the Court must also consider that, by litigating this case in the face of a reasonable settlement offer, the plaintiff has a proportionality strike against her, in the Fourth Circuit's view. 88 F.3d at 1337.

For all these reasons, and given the Fourth Circuit's views, this Court is of the opinion that only a nominal amount of attorney's fees should be awarded. It would not be appropriate to withhold a fee award altogether, given the fact that there was, in this case, the rare presence of direct evidence of discrimination, which is why the case went to trial in the first place. Thus, plaintiff did vindicate both her private right and the public right to free the workplace from what Congress has decreed to be unlawful discrimination against the pregnant.

In its discretion, the Court fixes the appropriate fee at one-half the customary 33% contingency fee, based on the reasonable settlement offer of $5,000.00, for a fee in the amount of $825.00, with costs of $167.02.